NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD J. CRANE,<br><br>        Petitioner,<br><br>  vs.<br><br>M.S. EVANS,<br><br>        Respondent. | No. C 08-1813 JF (PR)<br><br>ORDER OF DISMISSAL;<br>DENYING PETITIONER'S<br>MOTION TO PROCEED IN<br>FORMA PAUPERIS AS MOOT<br><br><br>(Docket No. 2) |

    Petitioner, a state prisoner proceeding <u>pro se</u>, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the administrative appeal process at Salinas Valley State Prison in Soledad, California.

    The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. <u>See</u> <u>Bell v. Wolfish</u>, 441 U.S. 520, 526 n.6 (1979); <u>Fierro v. Gomez</u>, 77 F.3d 301, 304 n.2 (9th Cir.), <u>vacated on other grounds</u>, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." <u>Ramirez v. Galaza</u>, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole,

1  must be brought in a habeas petition). The preferred practice in the Ninth Circuit has been that
2  challenges to conditions of confinement should be brought in a civil rights complaint. See <u>Badea</u>
3  <u>v. Cox</u>, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging
4  conditions of confinement); <u>Crawford v. Bell</u>, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979)
5  (affirming dismissal of habeas petition on basis that challenges to terms and conditions of
6  confinement must be brought in civil rights complaint).

7      Accordingly, the Court will dismiss the instant habeas action without prejudice because
8  Petitioner's claims do not challenge the duration or legality of his confinement or sentence under
9  § 2254. Instead, Petitioner challenges the prison's administrative appeal process. Petitioner's
10 claims are more appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. § 1983.

11 **CONCLUSION**

12     The instant petition for writ of habeas corpus is DISMISSED without prejudice.
13 Petitioner may re-file his claims in a new action in a civil rights complaint pursuant to 42 U.S.C.
14 §1983 on the enclosed form. Petitioner's motion to proceed in forma pauperis (docket no. 2) is
15 DENIED as moot. The Clerk shall terminate all pending motions and close the file.

16     IT IS SO ORDERED.
17 DATED: 4/8/08
18                                JEREMY FOGEL
                               United States District Judge